IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR 11  A 10: 02

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY<br>INSURANCE COMPANY, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | CIVIL ACTION NO: |
| DARRYL D. FINCH, et al., | )<br>)<br>) | 2:06CV336-DRB |
| Defendants. | ) | |

## COMPLAINT

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. The plaintiff, Progressive Specialty Insurance Company ("Progressive"), is an insurance company incorporated and organized under the laws of the state of Ohio, having its principal place of business in the state of Ohio.

2. The defendant, Darryl D. Finch ("Finch"), is an individual over the age of 19 years and is a resident citizen in the state of Alabama. The defendant, Darryl D. Finch Enterprises, Inc. ("Finch Enterprises"), is a company incorporated and organized under the laws of the state of Alabama, having its principal place of business in the state of Alabama. Finch lives in Montgomery and Finch Enterprises is located in Montgomery.

3. The defendant, Bernard Washington ("Washington"), is an individual over the age of 19 years and is a resident citizen of the state of Alabama. He lives in Montgomery.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Washington is seeking compensatory and punitive damages or result of a one-vehicle accident. He contends that the brakes on Finch Enterprises's log truck failed, causing his injuries.

5. Jurisdiction is predicted on diversity of citizenship and the amount in controversy, 28 U.S.C. §1332, and on the Declaratory Judgment Act, 28 U.S.C. §2201.

## UNDERLYING LAWSUIT

6. Washington was injured in a February 13, 2004 accident. He was driving a truck, pulling a loaded log trailer. He claims that the brakes on the truck failed, causing his truck to leave the roadway.

7. Washington claims that he was seriously injured in the accident while driving Finch Enterprise's truck.

## POLICY PROVISIONS

9. Progressive issued a policy of commercial auto insurance to Finch Enterprises. It was in full force and effect at the time of Washington's accident. The policy provided liability coverage for Finch Enterprises and Finch subject to the terms and conditions of the policy.

10. However, the policy excluded liability coverage for Finch and Finch Enterprises for bodily injuries to their employees. It further excluded liability coverage for bodily injury to any person driving the insured auto with their permission. Those exclusions provided:

> EXCLUSIONS-READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS PART 1-LIABILITY TO OTHERS.
>
> Coverage under this PART 1 and **our** duty to defend does not apply to:
> \*\*\*
> 6. **Bodily injury** to an employee of an **insured**, or a spouse, child, parent, brother or sister of that employee, arising out of or within the course of employment, except with respect to a domestic employee if benefits are neither paid not required to be provided under any Worker's Compensation, disability benefits or other similar law. This exclusion applies whether the **insured** may be liable as an employer or in any other capacity, and to any obligation to share the damages with or repay someone else who must pay damages because of the injury.
> \*\*\*
> 15. **Bodily injury** to **you** or an **insured**.

11. The policy defined "insured" for liability coverage to include a permissive driver. That definition provided:

When used in PART 1-LIABILITY TO OTHERS: **"Insured"** means:

1. **You;**

2. Any additional driver listed on **your** policy but only while driving **your insured auto;**

3. Any other person driving **your insured auto** with **your** permission and within the scope of that permission;

4. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this PARI 1-LIABILITY TO OTHERS while driving **your insured auto.**

## JUSTICIABLE CONTROVERSY

12. It is Progressive's position that Finch and Finch Enterprises is not entitled to liability coverage for any claims that may be asserted against them by Washington.

13. There is a justiciable controversy which requires the court to declare the rights, remedies, obligations, and liabilities of the parties under the Progressive policy.

## REQUESTED RELEASE

WHEREFORE, the premises considered, Progressive requests the court to grant the following relief:

A. Declare that the Progressive policy does not provide coverage for Finch and Finch Enterprises for any claims against them by Washington.

B. Grant Progressive such other or different relief to which it may be entitled in this case.

*/s/ R. Larry Bradford*
R. Larry Bradford, Attorney for Plaintiff,
Progressive Specialty Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

**DEFENDANTS SERVED BY CERTIFIED MAIL:**

Mr. Darryl D. Finch
3347 Wells Road
Montgomery, Alabama 36108

Darryl D. Finch Enterprises, Inc
P.O. Box 240224
Montgomery, Alabama 36124

Mr. Bernard Washington
4782 Burnsdale Way
Montgomery, Alabama 36108-5165