IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
|   ) | |
|   Plaintiff,   ) | |
|   ) | |
| v.   ) | 2:06-CV-00336-MHT |
|   ) | wo |
| DARRYL D. FINCH, et al.,   ) | |
|   ) | |
|   Defendants   ) | |

ORDER ON MOTION

Plaintiff's *Motion to Strike*, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (Doc. 12, July 17, 2006) duly notes that Defendants' *pro se* Answer filed (Doc 5) purports to be a responsive pleading for Defendant Finch, individually, and for Defendant Darryl D. Finch Enterprises, Inc., an Alabama corporation pursuant to allegations in the Complaint filed April 11, 2006, against both defendants. Review discloses that the Answer signed by Darryl D. Finch does not deny the existence of this corporate entity, and instead alleges only the following: "I, Darryl Finch/Finch Enterprises, do not accept cae #2:06cv336-DRB to be true or responsible for. This is my answer to the court."

Plaintiff is correct that a corporation must appear by counsel in this litigation. It is well settled that a corporation is an artificial entity which cannot appear *pro se* in legal proceedings but must be represented by counsel. This rule applies even when the person seeking to represent the corporation is its president and major stockholder." *Federal Trade Commission v. Gem Merchandising Corp.*, No. 95-8364, 1995 WL 623168 (11th Cir. Sept. 1, 1995). *See Palazzo v. Gulf Oil Corp.*, 764

F.2d 1381, 1385 (11th Cir. 1985). ("Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of [28 U.S.C. § 1654] is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation.")

Accordingly, it is **ORDERED** as follows:

1. *Plaintiff's Motion to Strike* (Doc 12) is GRANTED.

2. The Clerk shall correct docket entry no. 5, the Answer filed on May 12, 2006, to indicate that it is the Answer only for Defendant Darryl D. Finch.

3. The corporate defendant, Darryl D. Finch Enterprises, Inc., is INSTRUCTED to answer, or otherwise respond to the Complaint, by counsel, not later than August 7, 2006. If Plaintiff has incorrectly assigned a corporate status to this defendant, Defendant Finch and/or duly authorized owners or representatives of Darryl D. Finch Enterprises shall file by August 7, 2006, a proper pleading clarifying the status and documenting the same. Failure to file a proper Answer as directed may result in the entry of a default judgment against this corporate defendant.

4. Plaintiff's *Motion for Default Judgment* (Doc. 10, July 11, 2006) is premature pending the Clerk's entry of default, as requested in the *Motion* filed therewith (Doc. 11), and accordingly, the court will delay any consideration thereof.

DONE THIS 19TH DAY OF JULY, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE