IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 2:06-CV-00336-MHT-DRB |
| ) | |
| DARRYL D. FINCH, et al., ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

The *Report of Parties' Planning Meeting* filed November 8, 2006 (Doc.18) does not reflect the parties' consensus following the discovery planning meeting which is required by Fed.R.Civ.P.26(f). After considering the nature of this action for declaratory judgment as well as the reported efforts by Plaintiff's attorney to secure the unrepresented defendant's cooperation, it is ORDERED, pursuant to Fed.R.Civ.P. 16, that the parties be governed by the following schedule for **discovery and the filing of motions.**

**1.**   **Pre-Discovery Disclosures:  (Rule 26(a)(1)**

On or before December 4, 2006, and without awaiting a discovery request, each party shall provide to other parties--

   (A)   the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

   (B)   a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

   (C)   a computation of any category of damages claimed by the disclosing party, making

available for inspection and copying, as under Fed.R.Civ.P. 34, the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying, as under Fed.R.Civ.P. 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Note:**
- A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

- These disclosures are subject to a duty of supplementation within 14 days of when a party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties in the discovery process or in writing

**2.     Completion of Discovery**

All discovery shall be completed by March 30, 2007. Interrogatories by each party to any other party shall not exceed 25, including sub-parts, and responses shall be due 30 days after service. Requests for admission by each party to any other party shall not exceed 10, and responses shall be due 30 days after service. Depositions shall not exceed four for each party.

**3.     Motions To Amend**

Any motions to amend pleadings or to add parties shall be filed by Plaintiff not later than February 15, 2007, and by Defendant, not later than February 28, 2007.

**4.     Dispositive Motions**

Any dispositive motions – i.e., motions to dismiss or motions for summary judgment – shall be filed by March 30, 2007. A brief and all supporting evidence shall be filed with any such motion.

The discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to the location of the evidence in a supporting deposition or document. The court's evaluation of a motion for summary judgment will adhere strictly to the following provisions of Rule 56 (e) of the Federal Rules of Civil Procedure:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

**5.     Expert Reports**

Reports from retained experts under Rule 26(a)(2) – setting forth the substance of the expert's projected testimony – shall be due from the Plaintiff not later than February 15, 2007, and from the Defendant not later than March 15, 2007.

**6.     Settlement Conference and Mediation**

The parties shall conduct a face-to-face settlement conference not later than April 16, 2007, to engage in good-faith settlement negotiations. If settlement cannot be reached, they shall also discuss whether mediation will assist the parties in reaching settlement. Not less than **FIVE** (5) DAYS after this conference, counsel of record shall file a pleading titled "Notice Concerning Settlement Conference and Mediation" indicating the outcome of settlement negotiations and whether the parties believe mediation will assist them in resolving this case short of trial. **Information about mediation is attached to this Order.**

**7.     Non-Jury Trial Setting and Pretrial Conference**

The assigned District Judge will enter an Order setting this case for trial on a scheduled non-

jury term, setting a pre-trial conference along with deadlines for the exchange of witness lists, exhibits, deposition excerpts and other trial evidence. Trial terms for the District Judges may be found on the court's website.

DONE THIS 9th day of November, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

**PROGRAM OF VOLUNTARY MEDIATION**

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that <u>mediation is completely voluntary and confidential</u>. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 14 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.