IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO: 2:06-CV-336-MHT ) |
| DARRYL D. FINCH, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM BRIEF IN SUPPORT OF PROGRESSIVE SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Comes now the plaintiff, Progressive Specialty Insurance Company ("Progressive"), and submits this memorandum of law in support of its motion for summary judgment. Progressive is entitled to a judgment as a matter of law that Darryl D. Finch ("Finch") and Darryl D. Finch Enterprises, Inc. ("Finch Enterprises") are not entitled to any insurance coverage for any claims asserted against them by Bernard Washington ("Washington").

I.  **Summary Judgment Standard**.

Summary judgment is appropriate under Rule 56 (c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]he plain language of Rule 56 (c) mandates the entry of summary judgment . . . against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322-23.

The movant bears "the initial burden of showing that there is an absence of a genuine issue of material fact." Id. at 323. The non-movant "still bears the burden of coming forward with sufficient evidence on *each element* that must be proved." Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

"[T]he moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993). In the case at bar, the pleadings and exhibits demonstrate that no genuine issue of material fact exists and that Progressive is entitled to a judgment as a matter of law in this declaratory judgment action.

## II. Legal Argument

### A. Progressive is entitled to summary judgment because the policy excludes coverage for claims for bodily injury made by employees of Finch Enterprises.

No genuine issue of material fact exists that Progressive's policy excluded liability coverage for employees' claims against Finch and Finch Enterprises for bodily injury and that Washington was an employee of Finch Enterprises at the time of this accident. The policy provided liability coverage for Finch Enterprises and Finch subject to the terms and conditions of the policy. (See Policy, p. 1, "Policy Agreement," attached hereto as exhibit "B"). However, the policy excluded liability coverage for Finch and Finch Enterprises for bodily injuries to their employees. Those exclusions provided:

> EXCLUSIONS-READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS PART 1-LIABILITY TO OTHERS.
>
> Coverage under this PART 1 and **our** duty to defend does not apply to:
> ***
> 6. **Bodily injury** to an employee of an **insured** . . .
> ***
> 15. **Bodily injury** to **you** or an **insured**.

(See Policy, pp. 11, 12, ¶ 6, and 15, ¶ 15, attached hereto as exhibit "B"). Paragraph six, *supra*, expressly states that Progressive does not owe Finch Enterprises, the insured, coverage or a duty to defend for claims for "bodily injury to an employee" of Finch Enterprises. (See Policy, pp. 11 and 12, ¶ 6, attached hereto as exhibit "B").

3

Finch and Finch Enterprises admitted[1] that the policy excluded coverage for bodily injuries to employees of Finch Enterprises. (See Finch Admissions ¶ 4, attached hereto as exhibit "A"). Finch and Finch Enterprises also admitted that Washington was operating the insured auto as an employee of Finch Enterprises at the time of this accident. (See Finch Admissions ¶ 5, attached hereto as exhibit "A"). If Washington was an employee of Finch Enterprises at the time of this accident, then Finch and Finch Enterprises are clearly not entitled to coverage for claims made against them by Washington arising from this accident. (See Policy, pp. 11, 12, ¶ 6, and 15, ¶ 15, attached hereto as exhibit "B").

No genuine issue of material fact exists that Washington was acting as Finch Enterprises' employee at the time of this accident. Furthermore, no genuine issue of material fact exists that Finch and Finch Enterprises are entitled to no coverage under this policy for claims made by their employees. Therefore, Progressive has produced "affirmative evidence demonstrating that [Finch and Finch Enterprises] will be unable to prove their case." Fitzpatrick., 2 F.3d at 1115-16. Because no genuine issue of material fact exists on this point, Progressive is entitled to a judgment as a matter of law that Finch

---

[1] Progressive's citations to "Finch Admissions" (See exhibit "A") are made pursuant to this court's order of February 26, 2007, granting Progressive's motion to deem admitted its request for admissions. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b); see also U.S. v. 2204 Barbara Lane, 960 F.2d 126, 129-30 (11th Cir. 1992) (affirming summary judgment where litigant's failure to timely respond to government's request for admissions "**conclusively established** the government's case") (emphasis added).

4

and Finch Enterprises are not entitled to coverage for Washington's claims arising from this accident.

> **B. Progressive is entitled to summary judgment because the policy excludes coverage for claims for bodily injury made by permissive drivers of Finch Enterprises.**

Even if Washington had not been Finch Enterprises' employee at the time of this accident, the policy provides no coverage for Finch or Finch Enterprises for Washington's claims against them because Washington was operating Finch Enterprises' truck with its permission. The policy of insurance issued to Finch Enterprises undeniably defined "insured" for liability coverage to include a permissive driver. That definition provided:

> When used in PART 1-LIABILITY TO OTHERS: **"Insured"** means:
>
> 1. **You**;
>
> 2. Any additional driver listed on **your** policy but only while driving **your insured auto**;
>
> 3. Any other person driving **your insured auto** with **your** permission and within the scope of that permission;
>
> 4. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this PART 1-LIABILITY TO OTHERS while driving **your insured auto**.

(See Policy, p. 10, attached hereto as exhibit "B"). As paragraph three, *supra*, clearly expresses, any person driving Finch Enterprises' truck with its permission would have

5

been defined as an "insured" under the policy. As addressed in Section A of this brief, *supra*, Progressive does not owe Finch Enterprises coverage or a duty to defend for claims for "bodily injury to . . . an insured." (See Policy, p. 15, ¶ 15, attached hereto as exhibit "B").

Finch and Finch Enterprises admitted that the policy excluded liability coverage for bodily injury to any person driving an insured auto with the permission of the owner. (See Finch Admissions ¶ 6, attached hereto as exhibit "A"). Finch and Finch Enterprises also admitted that Washington was injured while driving Finch Enterprises' insured truck with its permission. (See Finch Admissions ¶ 7, attached hereto as exhibit "A"). If Washington was operating Finch Enterprises' truck with its permission when this accident occurred, then Finch and Finch Enterprises would have no coverage under the policy for Washington's claims against them. (See Policy, pp. 10 and 15, ¶ 15, attached hereto as exhibit "B").

No genuine issue of material fact exists that Washington was operating Finch Enterprises' insured auto at the time of this accident. Furthermore, no genuine issue of material fact exists that Finch and Finch Enterprises are entitled to no coverage under this policy for claims made by permissive drivers. Therefore, Progressive has produced "affirmative evidence demonstrating that [Finch and Finch Enterprises] will be unable to prove their case." Fitzpatrick., 2 F.3d at 1115-16. Because no genuine issue of material fact exists on this point, Progressive is entitled to a judgment as a matter of law that Finch

6

and Finch Enterprises are not entitled to coverage for Washington's claims arising from this accident.

      **C.    Finch and Finch Enterprises conceded that they are not entitled to any liability coverage for claims made against them by Washington.**

Progressive has demonstrated that the policy provided no coverage for claims made against Finch and Finch Enterprises by Washington because Washington was both an employee and a permissive driver. Notwithstanding those considerations, Finch and Finch Enterprises have admitted that they "are not entitled to liability coverage for any injury claims asserted against them by Washington." (See Finch Admissions ¶ 8, attached hereto as exhibit "A"). Therefore, no genuine issue of material fact exists on this point, and Progressive is entitled to a judgment as a matter of law that Finch and Finch Enterprises are not entitled to coverage for Washington's claims arising from this accident.

### III.    Conclusion

It is absolutely clear from the pleadings and exhibits that Progressive's motion for summary judgment is due to be granted. No genuine issue of material fact exists that Washington was Finch Enterprises' employee at the time of this accident and that the policy did not provide coverage for employees' claims. No genuine issue of material fact exists that Washington was operating Finch Enterprises' truck with its permission and that the policy did not provide coverage for permissive drivers. Because no genuine issue

of material fact exists that Progressive owes Finch and Finch Enterprises no coverage for Washington's claims, Progressive is entitled to a judgment as a matter of law.

WHEREFORE, above premises considered, Progressive respectfully moves this court to grant its motion for summary judgment and to declare that the Progressive policy does not provide coverage for Finch and Finch Enterprises for any claims against them by Washington.

/s/ R. Larry Bradford, Esq.
R. Larry Bradford, Attorney for Plaintiff,
Progressive Specialty Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205) 871-7733

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the following via electronic filing on this 23rd day of March, 2007.

Mr. Darryl D. Finch
3347 Wells Road
Montgomery, Alabama 36108

Brandon L. Blankenship, Esq.
3120 Amsouth/Harbert Plaza
PO Box 13067
Birmingham, AL 35202-2067

                                            /s/ R. Larry Bradford
                                            OF COUNSEL