IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PROGRESSIVE SPECIALTY           )
INSURANCE COMPANY,              )
                                )
        Plaintiff,              )
v.                              )       2:06-CV-00336-MHT-TFM
                                )       [wo]
DARRYL D. FINCH, et al.,        )
                                )
        Defendants.             )


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United

States Magistrate Judge for review and submission of a report with recommended findings

of fact and conclusions of law (Doc. 7, filed May 18, 2006).[1]  Pending is Plaintiff's *Motion*

*for Summary Judgment* (Doc. 31, filed March 23, 2007).   For good cause, it is the

Recommendation of the Magistrate Judge to grant the Motion for Summary Judgment.


## I.  PARTIES

Plaintiff is Progressive Specialty Insurance Company ("Progressive" or "Plaintiff")

is an insurance company incorporated and organized under the laws of the state of Ohio,

having its principal place of business in Ohio.

Defendant Darryl D. Finch ("Finch") is a resident of Montgomery, Alabama within

---

[1]         The case was originally referred to Magistrate Judge Delores R. Boyd.  It was
later reassigned to the undersigned on January 8, 2007.

the Middle District of Alabama.

Defendant Darryl D. Finch Enterprises, Inc. ("Finch Enterprises") is a company incorporated and organized under the laws of the state of Alabama having its principal place of business in Montgomery, Alabama within the Middle District of Alabama.

Defendant Bernard Washington ("Washington") is a resident of Montgomery, Alabama within the Middle District of Alabama.

## II.    JURISDICTION

The district court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) and the Declaratory Judgment Act, 28 U.S.C. § 2201.  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III.    NATURE OF CASE AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff initiated this action on April 11, 2006.  *See* Doc. 1. The Complaint alleges that on February 13, 2004, Washington, an employee of Finch Enterprises, was injured in an accident while driving a truck owned by Finch Enterprise.  *Id*. at ¶ 6-7; *see* Doc. 31-2 Statement of Undisputed Facts, ¶ 1, 4.  Plaintiff had issued a commercial auto insurance policy to Finch Enterprises which was in effect at the time of the accident.  *See* Doc. 31-2, ¶ 2; *see* Doc. 31-5, Exhibit B.  The policy excluded coverage for bodily injury to employees of Finch Enterprises.  *See* Doc. 31-5 Ex. B at p. 11, 12, and 15.  The policy also excluded bodily injury to any person driving an insured auto with the permission of the owner.  *Id*. at

p. 10 and 15. Washington made a liability claim against Finch and Finch Enterprises for his injuries sustained in the accident. *See* Doc. 31-2. Plaintiff filed this declaratory judgment action requesting the court "[d]eclare that the Progressive policy does not provide coverage for Finch and Finch Enterprises for any claims against them by Washington." *See* Doc. 1 at p. 6, ¶ A; *see* Doc. 31-2, ¶ 9.

Progressive served a Request for Admissions on Finch and Finch Enterprises on December 4, 2006. *See* Doc. 31-4 Exhibit A, Request for Admissions. Finch Enterprises and Finch failed to timely respond to Progressive's Request for Admissions, so Plaintiff filed a Motion to Deem Facts Admitted on January 24, 2007. *See* Doc. 27. The Court issued an Order on January 24, 2007 requiring Finch and Finch Enterprises to "show cause why this motion should not be granted on or before February 19, 2007." *See* Doc. 28. Finch and Finch Enterprises did not respond to the Court's Order. As a result, the Court granted the Motion to Deem Facts Admitted on February 26, 2007. *See* Doc. 30.

On March 23, 2007, Plaintiff filed this Motion for Summary Judgment and the supporting documentation. *See* Doc. 31 and attachments. Plaintiff argues no genuine of issue of material fact exists as to the coverage under the Progressive policy and summary judgment is appropriate. *Id*. The Court entered an order requiring Defendants to file a response on or before April 23, 2007. *See* Doc. 32. None of the defendants filed a response. Consequently, the Court reviews the Motion for Summary Judgment on the merits without the benefit of a response. Plaintiff seeks summary judgment on three grounds.

First, Plaintiff asserts it is entitled to summary judgment because the policy excludes

coverage for claims for bodily injuries to employees of Finch Enterprises.  *See* Doc. 31-3 p. 3.  Finch and Finch Enterprises admit the policy excludes employees of Finch Enterprises.[2] *Id.* at p. 4; *see* Doc. 31-4, Ex. A, ¶ 4.  Finch and Finch Enterprises also admit Washington was acting as an employee of Finch Enterprises at the time of the accident.  *Id.* ¶ 5.  Ergo, no genuine issue of material fact exists concerning whether Washington is excluded from policy coverage because of his status as an employee.  *Id*.

Next, Plaintiff argues it is entitled to summary judgment even if Washington was not an employee at the time of the accident.  *Id*. at p. 5.  The Progressive policy also excluded any person driving Finch Enterprises' truck with its permission since he would be considered an "insured" and Plaintiff does not owe Finch Enterprises coverage or a duty to defend for claims for "bodily injury . . . to an insured."  *Id*. at p.5-6; *see* Doc. 31-5, Ex. B p. 15, ¶ 15.  Finch and Finch Enterprises also admit their policy excludes such a claim.  *See* Doc. 31-3, p. 6; *see* Doc. 31-4, Ex. A, ¶ 6.  Finch and Finch Enterprises also admit Washington was injured while driving a Finch Enterprises truck with the permission of Finch Enterprises.  *Id*. ¶ 7.  Thus, Plaintiff also asserts it is entitled to summary judgment because of this exclusion.  *See* Doc. 31-3, p. 6-7.

---

[2]    The Court granted the Motion to Deem Facts Admitted on February 26, 2007.  *See* Doc. 30.  Pursuant to FED. R. CIV. P. 36(b), "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  No such motion has been made.  Further, Plaintiff correctly cites that summary judgment is appropriate when facts have been conclusively established because of a failure to respond to request for admissions.  *See U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129-30 (11th Cir. 1992) (citations omitted) (affirming summary judgment where it was granted due to facts being "conclusively established" for failure to answer request for admissions.).

Finally, Plaintiff asserts Finch and Finch Enterprises admit they are not entitled to any liability coverage for claims made against them by Washington. *Id*. at p.7. Plaintiff shows Finch and Finch Enterprises have admitted they "are not entitled to liability coverage for any injury claims asserted against them by Washington." *See* 31-4, Ex. A, ¶ 8.

## IV.  STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b).  Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  Only disputes about those facts will preclude the granting of summary judgment. *Id.*  A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving

party.'"").  Thus, the initial burden of proof rests on the movant.  *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294.  This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof.  *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53.  The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial.  *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).  Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment.  *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings.  FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Johnson*, 263 F.3d at 1242-43; *Smith v. F.D.I.C.*, 61 F.3d 1552, 1562 n. 18 (11th Cir. 1995) (on summary judgment, the court

resolves all reasonable doubts about the facts in favor of the nonmovant). Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*. at 322, 106 S.Ct. at 2552.

## V.    DISCUSSION AND ANALYSIS

No genuine issue of material fact exists. The undisputed facts render Plaintiff entitled to judgment as a matter of law. Finch and Finch Enterprises admit:

(1)    Washington was an employee of Finch Enterprises when he drove the truck;

(2)    The Progressive insurance policy excludes coverage for claims for bodily injuries to employees of Finch Enterprises;

(3)    Washington had permission to drive Finch Enterprises' truck;

(4)    The Progressive insurance policy excludes coverage for any person driving Finch Enterprises' truck with permission; and

(5)    Finch and Finch Enterprises are not entitled to liability coverage for any injury claims asserted against them by Washington.

As there is no material issue of fact based on the foregoing, summary judgment is

appropriate.

## VI.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)    Plaintiff's *Motion for Summary Judgment* (Doc. 31, filed March 23, 2007) be

  **GRANTED;**

(2)    Declaratory Judgment be issued that the Progressive policy does not provide

  coverage for Finch and Finch Enterprises for any claims against them by

  Washington; and

(3)    **JUDGMENT** be issued in favor of the Plaintiff.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **May 25, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 11th day of May, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE